**COURT ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

CRAIG JAMES
    PLAINTIFF;

CIVIL COMPLAINT PURSUANT
TITLE 28 U.S.C. §1331, §1343,
§1367, TITLE 29 U.S.C §794
AND TITLE 42 U.S.C §1983.

**1**#**04CV0678**

vs.

CIVIL ACTION NO. _____

FEDERAL BUREAU OF PRISONS (Agency);
Warden John M. Tombone
(Official and Individual Capacities);
Warden Constance Reese
(Official and Individual Capacities);
Lieutenant Yerna, SHU
(Official and Individual Capacities);
Ms. Abear, Nurse Health Services
(Official and Individual Capacities);
John and Jane Does Employees
(Official and Individual Capacities);
    DEFENDANTS;



---

CIVIL COMPLAINT

---

COMES NOW, the Plaintiff in the above captioned cause of

action seeking monetary damages, nominal and punitive damages

against the herein named defendants herein for negligently refusing

to maintain Handicapped Accessible Special Housing Unit cells

with deliberate indifference to the medical needs of disabled

inmate confined to a wheelchair violating his Eighth Amendment

right against cruel and unusual punishment and retailiating against

1

the Plaintiff for filing administrative grievances to aquire relief and violated his First Amendment rights.  The Defendants herein knew of the conditions and took no appropiate action.

The Plaintiff seeks relief also as a matter of statutory law and requests for "liberal construing of the complaint," Haines v. Kerner, 404 U.S. 519 (1972); Celeotax v. Catrett, 447 U.S. 317 (1986) in matters of his claims, relief and jurisdiction.

## JURISDICTION

The Plaintiff involks this Honorable Court's jurisdiction pursuant to Title 28 U.S.C. §1331, §1343, §1346(b), §1367 and both Title 29 U.S.C. §794 and applicable Title 42 U.S.C §1983.

The Plaintiff exhausted his administrative remedies pursuant to 28 CFR §542.10 et seq, as required by the PLRA (1994) in ADR No. 276090-F1 thru -A1 and ADR No. 330443-F1 thru -A1 (-F1 denotes institutional level, -R1 denotes Regional office and -A1 denotes National Inmate Appeals).

## PARTIES

A.   Craig James - hereinafter "Plaintiff" is the aggrieved handicapped/disabled inmate confined to a wheelchair who is incarcerated at FCI Beaumont - Medium, serving a federal sentence suing the defendants for violating his First and Eighth Amendment rights.

2

B.   Defendant Bureau of Prisons - hereinafter "BOP" is
the Federal government agency responsible for the custody, care
and treatment of persons confined by the U.S. District Courts
pursuant to Title 18 U.S.C. §4042.   The BOP is being sued as
a federal agency for violating Title 29 U.S.C. §794(b) from 13
July 2002 todate.

C.   Defendant John M. Tombone - hereinafter "Warden Tambone"
was the Warden of FCI Beaumont - Medium for the period of 12
July 2002 to 31 July 2003.  He is being sued in his official
and individual capacities for violating the Plaintiff's First
and Eighth Amendment rights due to negligence and deliberate
indifference to disabled inmate's medical and equal protection
rights under the Fifth Amendment while assigned to the SHU.

D.   Defendant Constance Reese - hereinafter "Warden Reese"
was the Warden of FCI Beaumont - Medium for the period of 31
July 2003 until present.  She is being sued in her official and
individual capacities for violating the Plaintiff's First and
Eighth Amendment rights due to negligence and deliberate indifference
to handicapped inmate's medical needs and equal protection rights
under the Fifth Amendment while assigned, or placed in the SHU.

E.   Defendant Lieutenant Yerna - hereinafter is "Lt. Yerna"
was the Correctional Staffmember in the Special Housing Unit
for the period of 12 July 2002 to 31 July 2003 responsible for
operations of the SHU.  He is being sued in his official and
individual capacities for violating the Plaintiff's First and

3

and Eighth Amendment rights due to negligence and deliberate indifference to handicapped inmate's medical needs and equal protection rights under the Fifth Amendment while assigned, or placed in the SHU in 12 March to 31 May 2004.

    F.   Defendant CO Woods - hereinafter "CO Woods" was the Correctional Office assigned to the SHU during the period of 12 July 2002 to 31 July 2003 at FCI Beaumont - Medium.  He is being sued in his official and individual capacities for violating the Plaintiff's Eighth Amendment rights due to negligence and deliberate indifference to handicapped inmate's medical needs and equal protection rights under the Fifth Amendment while assigned, or placed in the SHU.

    G.   Defendant Nurse Abear - hereinafter "Ms. Abear" is a qualified healthcare professional, under 28 CFR §500.1(i), and is being sued in her official and individual capacities for the period of 12 July 2002 to 31 July 2003 who was assigned to provide healthcare services to inmates assigned to the SHU in accordance with BOP P.S. 6500.07 (Health Services Manual).

    H.   John and Jane Does Employees BOP - hereinafter "BOP Staff" as defined by 28 CFR §500.1(b) who had any knowledge of inadequate handicapped accessible cells, or conditions violating basic human rights as respect to the accomodations of said cells and failed to report the same, or ensure complaince with the federal regulations under the Rehabilitation Act.

## STATEMENT OF FACTS

1.   The Plaintiff filed a series of administrative remedies
concerning the Special Housing Unit's only one "Handicapped
Accessible" cell number 312 at FCI Beaumont - Medium.

2.   The Plaintiff incorporates Administrative Remedy Number
330443-F1 thru -A1 as to the facts of this case.   The Plaintiff
filed ADR No. 330443-F1 at the institutional level with Warden
Reese, which was recieved and stamped on 8 April 2004 by her
office.

3.   The Plaintiff reported to Warden Reese on a form BP229(13)
(Request for Administrative Remedy) that the SHU cell number
312 is "not set up for wheelchair bound inmate, the bed is too
low to transfer into, so I am sleeping on a roll-up mattress
on the floor by the door, the room keeps flooding, the shower
does not work.  On Sunday the 14th, I was trying to sleep on
the two rolled up mattresses by the door.  Inmates upstairs
were smoking, blowing smoke threw the vents.  I am allergic
to cigarettes.  I woke up and began coughing and then vomiting.
The cell still flooding with water coming threw the walls. As
I was trying to get in my chair my good foot slip[ped] in the
water on the floor and I fell and hit head first, that was 9:30am
to 11:00am, or so and officer kept calling my name to get up
and get my food, I tried and slipped back on the floor from
the water on the floor....."

5

4.  Warden Reese was also aware that the Plaintiff had to be taken by medical staff to UTMB's medical facility in Galveston, Texas for a "concussion" from the fall on 17 April 2004.

5.  On 19 April 2004, Warden Reese responded to the Plaintiff's Administrative Remedy Number 330443-F1 acknowledging the issues of the Plaintiff's complaint.  She also claimed that: "should [Plaintiff] have any future mechanical problems in (his) assigned cell be sure to notify the SHU Lieutenant (Lt. Yerna) so work orders can be submitted... all mechanical defects in your assigned cell have been corrected,"  (Exhibit No. 1).

6.  The Plaintiff appealled to Warden's 19 April 2004 response to ADR No. 330443-F1 to the Regional Office on 27 May 2004 and it was stamped as recieved on 5 May 2004.  The Plaintiff again restated the very same facts to Regional Staff.  The Appeal was assigned ADR No. 330443-R1 (Exhibit No. 2).

7.  In the appeal the Plaintiff even drew a picture and described SHU Cell number 312 and reported that: "I was hurt in SHU because the handicapped cell is not set up for a wheelchair bound inmate... coming back from the hospital, I was put back in the same cell conditions, I was hurt in, I am still living in the same conditions as I wrote in the BP-9 and the BP-10 and yes the SHU Lt (Lt. Yerna)  talk to me and said 'he couldn't stop the cell from flooding from time to time ... he couldn't do anything about the 3 - tier bunk in the room, which is not wheelchair accessible ...today is the 28th, I had to get steriod and Benydrl shots

6

8.    ... I got sick from cigarette smoke coming in from the
vents... I am still in room 312 that floods.  I have contacted
Safety.  I have complained about this cell and bed on my BP-11
(ADR No.) 276090-Al (dated) Dec 30, 2002 when I had to sleep
in the shower because of the bed..."


TOP BUNK 3 TIER    ————————————————    ————————
(Approx 7 feet)                                        ————————

                                                       ————————

SECOND TIER        ————————————————    ————————
(Approx 4 feet)                                        ————————

                                                       ————————

                                                       ————————
BOTTOM BUNK        ————————————————    ————————
(Approx 4" off floor

April 27, 2004.


9.    On 19 May 2004, signing for the Regional Director, Ronald
G. Thompson, a staffmember (unlegible), possibly "Wendell" responded
to ADR No. 330443-Rl acknowledging the Plaintiff's claims about
SHU cell number 312.  The Regional Office stated: "We find that
the Warden appropiately responded to your complaint and concurr
with his response," when Warden Reese is a woman.  "Nothing
you raised in this appeal warrants any administrative relief...
Therefore your appeal is denied."


10.  SHU Cell Number 312 is approximately 94'sqft.  It has a
handicapp railing approximately 36" off the floor over the toilet.
It came off the wall on 13 July 2002.  The second was located
near the door along side of the toilet.  It has been removed
and has not been replaced.  The railing over the toilet was

7

replaced with the handicapped railing near the door.

11.      On, or about 12 July 2002 the Plaintiff was placed in
SHU Cell 312 upon investigation of an allegation of insitutional
misconduct.  Cell 312 is the only alledged handicapped accessible
cell.   The Plaintiff is confined to a wheelchair due to paralysis
of half his body.

12.      The BOP has compiled and annotated the Plaintiff's condition
in its medical records currently being held at the FCI Beaumont
- Medium's Health Services Department.

13.      The Plaintiff on 13 July 2002 was attempting to use
the toilet by means of the handicapped railing.  The handicapped
railing over the toilet dislodged and fell off the wall causing
the Plaintiff to immediately loose his balance after trying to
lift himself from the wheelchair on to the toilet.  The Plaintiff
fell hard hitting his head against the concrete floor.

14.      The Plaintiff felt pain from his head, neck and down
his spine.  He immediately cried out for help.  Ms. Abear and
Ms. Wooten evaluated the Plaintiff for injuries and a neck brace
was provided and installed.  They ordered x-rays.  The Plaintiff
continued to experience pain in his back, shoulders and neck and
shortly afterwards swelling and bruising began to appear.

15.      Approximately 7:00pm that same evening the Plaintiff

pressed the "emergency button" requesting assistance to get upon
the single-bar toilet since the handicapped railing had fallen
off the wall and being unable to remove himself from the wheelchair.

16.    CO Woods responded to the Plaintiff's call and immediately
became verbally abusive towards the Plaintiff and began threatening
him with "reprecussions" and told him "not to push the emergency
button again." The Plaintiff requested assistance in "getting
onto the bed," which was too low. CO Woods mocked the Plaintiff
telling him "it's not my problem and you can sleep in the shower
or on the floor..." The bed was not handicapp accessible from
the wheelchair. It had not railings, or bars from 12 July 2002
until the present. The bed is and was made for ordinary inmates
with no disabilities.

17.    CO Woods left the Plaintiff in a position to were he
was forced to defecate and urinate on himself due to being unable
to position himself on the tiolet because of the missing handicapped
railing without any assistance.

18.    The Plaintiff attempted to get onto the lower of the
3 bunks. The Second bunk was too high.   The Plaintiff slid
down onto the floor and could not get up and was forced to sleep
on th shower bench because of having no assistance. Ms. Satcher,
the Food Service Administrator saw the Plaintiff sleeping on
the bench and requested assistance on his behalf.

19.    CO Woods and Ms. Abear made no attempts to move the

Plain

9

Plaintiff into a suitable handicapped accessible cell, nor did
they repair the broken handicapped from 12 - 16 July 2002.  The
Health Services Department at FCI Beaumont - Medium has a "handi-
capped cell."  No other inmate was assigned to this cell during
the period of 12 - 16 July 2002.  Ms. Abear was asked about this
cell to house the Plaintiff there instead of the SHU.  Ms. Abear
responded "he is just find where he is..."

20.     The Plaintiff saw administrative remedies pursuant to
28 CFR §542.10 et seq to Warden Tambone under ADR Number 276090-F1
and he denied any relief on 10 September 2002.  The Plaintiff
appealled to the Regional Office on 24 September 2002 and they
too denied relief and claiming to "investigate" on 30 September
2002 and instructed Plaintiff to "file a tort claim."

21.     The Plaintiff filed a "tort claim" on 30 September 2002
to the Regional Office and an appeal to ADR Number 276090-A1.
ADR Number 276090-A1 was also denied.  The "tort claim" was assigned
administrative number TRT-SCR-2003-2463 was subsequently denied
on 23 September 2003.

22.     On 5 March 2004, the Plaintiff was communicating his
difficulties with prison staff to his father, Harris James via
institutional phone approximately around 8:00am CST.  The Plaintiff
informed his father that he need "the one hundred dollar filing
fee..." to file his "tort claim to the U.S. District Court..."

23.        Mr. James, the Plaintiff's father, resides in Williams-
burg, Virginia and his telephone number is: 757/565-2739.


24.        At approximately 12:30pm and after the Plaintiff completed
his phone call to his father, he was subsequently contacted by
CO Avery alledging "another investigation." The Plaintiff was
escorted to the SHU. Staff claimed it was for "running over the
Captain's foot..." several officers laughed. The Plaintiff had
been no where near the Captain that day. However, the "Administra-
tive detention order" read that the Plaintiff was being investigated
for allegedly "being in an unauthorized area with a member of
the opposite sex..."

25.        The alleged "member of the opposite sex" was a female
CO named "Halenshed," who on the date in question was on vacation
until 19 March 2004. Like the previous alleged "investigation"
the Plaintiff's charges were dismissed without incident, or UDC,
or DHO findings on, or about 26 May 2004.

26.        While in the SHU, the Plaintiff was again assigned to
cell number 312. The "cell [was] still flooding with water coming
through the walls..." the Plaintiff "was trying to get in (his)
chair... (his) good foot slipped in the water on the floor and
he fell, hit head first..." The Plaintiff was taken to a nearby
hospital in Beaumont, Texas on 14 March 2004.

27.        The Plaintiff had been experiencing extreme "coughing
and vomiting" due to cigarette smoke coming through the vents
from nearby inmate cells. The Plaintiff complained of this to
Correctional Staff.    The Plaintiff has documented in his medical

11

records compiled and maintained in the Health Services Department at FCC Beaumont - Medium that he has "chronic asthema." The Plaintiff was having an allergic reaction to the cigarette smoke to the point of making him ill.

28.     On 30 May 2004, the Plaintiff appealled the Regional Office's response to ADR No. 330443-R1 by a "Wendell" restating his complaint and including the fact that he had been "in a coma until Wednesday, the 17th. [Plaintiff] had a concusion, (his) head hurts and he gets dizzy..." BOP received it on 14 June 2004.

29.     Mr. Watts responded to ADR No. 330443-A1 on 27 July 2004 denying the Plaintiff any relief and claiming that: "Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Warden indicated that while assigned to the SHU you were housed in a cell which was appropiate for your medical condition... Your appeal is denied." (Exhibit No. 3).

30.     The Plaintiff while in the hospital after hitting his head on the concrete floor was unconscious from 14th until 17th of March 2004. He had no accessibility to his legal documents in order to file his complaint.

31.     The Plaintiff then filed ADR No. 330443-F1 thru -A1 from 8 April 2004 to 27 July 2004 and the subsequent 276090-F1 thru -A1 became a history of a reoccuring pattern by the Bureau.

12

CAUSE OF ACTION

A.    The Bureau of Prisons, Federal Correctional Complex at
its Medium facility is violating the Rehabilitation Act pursuant
to Title 29 U.S.C. §794 and failed to ensure that the appropiate
maintenance of "handicapped accessible cells" in its Special Hou-
sing Unit (SHU) were maintained to afford the basic human necessities
for persons "disabled," or confined to a wheelchair under the
Americans with Disabilities Act.

B.    Defendants:  Warden Tambone, Warden Reese, Lt. Yerna,
Lt Jenkins, CO Woods, CO Spiller and Nurse Abear were negligent
and deliberately indifferent to the basic human needs of the Plain-
tiff who was confined to SHU Cell Number 312 without a handicapped
accessible bedding, a flooding cell, inadequate ventiliation against
cigarrette smoke affecting his asthma and they knew, or should
have known that it was reasonably forseeable that the inmate con-
fined to wheelchair could get injured due to said conditions.

C.    Defendants: Warden Tambone, Warden Reese, CO(s): Woods
and Spiller, Nurse Abear along with Lt(s): Jenkins and Yerna should
have known, or knew that failure to replace and repair "handicapped
railing near the door," or other appropiate locations by Roberson
was and is negligence and acted with deliberate indifference viola-
ting the Plaintiff's Eighth Amendment rights against cruel and
unusual punishment and his Fifth Amendment rights to equal protec-
tion under the law.

13

D.      Upon receipt of Administrative Remedies: 330443-F1 thur
-A1, Defendants: Warden Tambone, Warden Reese, Wendell and Watts
failed to investigate the complained of conditions described by
the Plaintiff in SHU Cell number 312 ensuring that it met Federal
regulations and "handicapped accessible" standards as a matter
of law and supervise the same was deliberate indifference and
their responses were negligent.   The defendants knew, or should
have reasonably forsaw that said conditions would, or could cause
injury to the Plaintiff.   The Defendants violated the Plaintiff's
Eighth Amendment right against cruel and unusual punishment and
his Fifth Amendment right to equal protection of the law.

E.      The Defendants after learning of said conditions in ADR
No.276090-F1 thru -A1 attributed to SHU cell 312 and that the
handicapped railing over the toilet had literally fallen off was
negligence and simply replacing it with the other railing and not
replacing and repair both was deliberate indifference leaving
the cell with only one handicapped railing when it need two.

F.      The Defendants knew, or should have known that their
three (3) tier bunk assigned to SHU cell 312 was not handicapped
accessible by any means and the refusal to make adequate accomoda-
tions, or installation of handicapped bedding was deliberate in-
difference and gross imcompetence violating the Plaintiff's Eighth
Amendment right against cruel and unusual punishment by not affor-
ding him this basic human need.

14

G.      The Defendants act of leaving the Plaintiff in SHU
cell number 312 when another "handicapped accessible" cell in
the Health Services Department was available deliberate indifference
to medical needs of disabled inmate confined to a wheelchair
and doing so with the intent to punish inmate for administrative
remedy filing of ADR No. 276090-Fl thru -Al and ADR No. 330443-Fl
thru -Al was retaliation and violated the Plaintiff's First
Amendment right to petition the government for reduress of grievances.


H.      Defendants knew, or should have known that the "alleged
investigations" for fictitious "offenses" in order to place
the Plaintiff in SHU because of his administrative remedy filings
was retailiation and harrassment having no legitimate penological
interests and violated the Plaintiff's Eighth Amendment rights
against cruel and unusual punishment.


I.      Defendants: Warden Reese, Warden Tambone, Lt. Yerna,
CO. Spiller, CO Woods, Lt. Jenkins and Nurse Abear failure to
ensure that routine maintenance to "handicapped accessible"
cell allowing for hand railings to fail of the wall was negligence.


J.      Defendant CO Woods threatening of the Plaintiff for
"pushing the emergency button" was designed to discourage and
interefere with the Plaintiff's First Amendment right to petition
the government for reduress of grievances and was deliberate
indifference to the medical and basic needs of the Plaintiff
violating the Eighth Amendment.

## PRAYER FOR RELIEF SAUGHT

The Plaintiff seeks monetary damages, nominal and punitive damages against Defendants:    Warden Reese, Warden Tambone, Lt. Yerna, Lt. Jenkins, CO Woods, CO Spiller and Nurse Abear in their individual capacities (each) in the amount of $1.00 nominal damages, $50,000.00 punitive damages (each) and $50,000.00 monetary damages (each) for violating the Plaintiff's rights under the First and Eighth Amendment rights;

The Plaintiff seeks compensatorial and punitive damages against Defendants:  Warden Tambone, Warden Reese, Lt. Yerna, Lt. Jenkins, CO Woods, CO Spiller and Nurse Abear for acts, or omissions committed while in the performance of their duties not as a matter discretion and in violation of Title 29 U.S.C. §794 (Rehabilitation Act/ADA) in the amount of $5,000,000.00 (five million dollars) and pursuant to Title 28 U.S.C. §2401(a) and (b) and the Constitution of the United States;

The Plaintiff seeks all equitable and statutory relief as deemed appropiate by this Honorable Court in this matter;

The Plaintiff seeks appointment of counsel to represent him in this said civil action along with appropiate attornies fees, as appropiate, by this Honorable Court.

16

The Plaintiff seeks appropiate relief "liberally construed" Haines v. Kerner, 404 U.S. 519 (1972) in the amount of damages pursuant to Title 42 U.S.C. §1983 thru §1985, as applicable under statutory laws.

### DECLARATION

I, Craig James, Social Security number: 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, set to affirm and declare that the above asserted Statement of Facts along the basis for this Cause of Action and its allegations supported by the herein Exhibits are true and correct.  Executed on this 25 day of ~~August~~ October 2004 pursuant to Title 28 U.S.C. §1746(2) by the undersigned:

Craig James (25481-083)
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 26040 **LEGAL MAIL**
Beaumont, TX 77720-6040


**LEGAL MAIL - OPEN IN PRESENCE OF INMATE.**

EXHIBIT NO. 1

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: James Craig A.          25481-083     M-A      Beaumont
      LAST NAME, FIRST MIDDLE INITIAL    REG. NO.    UNIT    Medium
                                                            INSTITUTION

**Part A– INMATE REQUEST** I WAS hurt IN S.H.U because the hand icape cell is Not set up for wheel chair bound Inmate, the bed is to low to transfer into, so i am sleeping on roll up mattse's on the floor by the door, the room keeps flooding, the shower does Not work. on sunday the 14th, i WAS trying to sleep on two rolled up mattse's up by the door. Inmates upstairs were smokeing, blowing smoke threw the vents I am Allergic to ciggarettes I woke up And began coughing and then vomiteing. the cell still flooding with water coming threw the walls as i was trying to get in my chair my good foot slip in the water on the floor And i fell And hit head first, that was 9:30 At 11:00 or so AN officer kept cAlling my name to get up get my old food i tried And slip back on the floor from the water on the floor I stayed IN ACOMA Unt. 1
April 1,004 wedensday →

_____
April 1,004
DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

FCCM Beaumont, TX
Received
APR - 8 2004
Warden's Office

4/19/04
DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 330413-F1

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C– RECEIPT**                          **(EXHIBIT NO. 1)**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                              BP-229(13)
                                                     APRIL 1982

BP-9

I have a Small Conusion, my head hurts. i get dizzie when i read. my ear hurts my eye hurts, And I couldn't piss for 4 days. coming back from the hospital, i was put back in the same conditions i was hurt in. I am still liveing in these same Conditions AS i write this B-P9 I am Asking for 5 million dollars in dAmges And for this cruel And unusual PunisAment to stop.

C. James
IT 3 5481-083

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**MEDIUM SECURITY CORRECTIONAL INSTITUTION**
**PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #330443-F1**

This is in response to your Request for Administrative Remedy in which you allege you were injured while being housed in the Special Housing Unit because the handicap cell is not equipped for a wheelchair bound inmate. Additionally, you state smoke was being blown into the vent and water was coming through the wall causing you to slip and fall.

An investigation of your request revealed you were placed in Administrative Detention on March 17, 2004, pending the outcome of an ongoing investigation. Cell 312 is designated as a handicap cell and an interview with UTMB medical staff revealed your physical limitations would not restrict you from being housed in cell 312. An interview and inspection of your cell was conducted on April 13, 2004, by the SHU Lieutenant. At this time, you stated you have not had any further problems with water in your cell or smoke coming from the vents. Should you have any future mechanical problems in your assigned cell be sure to notify the SHU Lieutenant so work orders can be submitted.

Based on the above information, this response is for informational purposes only. There is no evidence indicating you can not be housed in the handicap cell in the Special Housing Unit. Additionally, all mechanical defects in your assigned cell have been corrected.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, South Central Region, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 calendar days of the date of this response.

_4/19/04_
Date

_____
Constance Reese, Warden

EXHIBIT NO. 2

U.S. Department of Justice                                          Regional Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: James Craig A.            25481-083      M-A      Beaumont Medium
      LAST NAME, FIRST MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL  I was placed in Special Houseing March 12, 2004 7:30 AM
I was hurt in S.H.U because the handicape cell is not set up for a wheel chair
bound Inmate. the bed is to low to transfer into, the bed in the cell is a 3
man bunk which the bottom bunk is to low for a wheelchairbound Inmate
to transfer into and the middle is to high, therefore I am sleeping on rolled up
mattises on the floor by the door, the room keeps flooding, the shower does
not work, on Sunday the 14th, I was trying to sleep on two Rolled Mattrse's
by the door, Inmates upstairs were smokeing, blowing smoke threw the vent,
I am Allergic to ciggarette, I woke up and began coughing and then vomiting
the cell still flooding with water coming threw the walls. As i was trying to get
in my chair, my good foot slip in the water on the floor i fell hit head first
9:30 Around 11:00 An officer called me i tried to get up but slip back on the floor
from the the the water on the floor. I stayed →

Apil 27, 004                                    Craig James
      DATE                                      SIGNATURE OF REQUESTER

Part B—RESPONSE

---

DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    RECEIVED    CASE NUMBER: 330443 - R1

Part C—RECEIPT                 MAY - 5 2004

                                              CASE NUMBER:
Return to: _____                (EXHIBIT NO. 2)
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

USP LVN      DATE      Previous editions not usable         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                                         BP-230
                                                                         APRIL 1

BP-10

iN Acoma until wed the 17, I have a CONcUSION, My head hurts, I get dizzie when i reAd, my ear hurts, side of face hurts, my eye wont stop twitching, coming back from the hospital, i was put back iN the same cell, conditions i was hurt iN, I am still liveing iN the same conditions As i wrote the BP-9 and Now the BP-10 And yes the S.Hu Lt talk to me and Said he couldnt stop the cell from flooding from time to time which is to late Now, because, Already had the Accident oN the 14th, and he couldnit do Anite thing About the 3 man bunk iN the room, which is Not wheelchair excisable and the mattise's rolled up and Piled up by the door i sleep oN cuts the room of, there is Not enough room to turn the wheel chair Around it is Against A.D.A polcey. To day is wed the 28th i had to get steriod shots and Bendry l shots because i got Sick oN the 21th because i got Sick from Smoke coming out the Vent, i coughed and threw up i hit the panick buffon the officer came witness what happened called medical, Ms Jones is the Nurse from U.T.M B that came. I am still iN room 312 that floods i have contacted Saftey I have complained About this cell And bed oN MY BP- 11#276090-A Dec 30, 2002 when i had to sleep iN the Shower because of the Bed I am ASKiNg for 5 millioN iN Damages it took me to go to the hospital get Put iN Acoma for many days . if we don t sleep oN 3 maN bunk oN the Compound why doesn t the same houseing Apply iN S.H.U



C Jame
#2 5481 083

Apr. 27 004

JAMES, Craig         REG. NO. 25481-083         RECEIPTED: 05/05/04

CASE NO. 330443-R1    PART B- RESPONSE

You are appealing the Warden's response to your complaint you
received injuries and your cell in the Special Housing Unit was
not handicap accessible causing your injuries.  As relief you are
requesting a monetary award.

We have reviewed your original Request for Administrative Remedy.
We find that the Warden appropriately responded to your complaint
and concur with his response.  Nothing you raised in this appeal
warrants any administrative relief.

If you wish to pursue monetary compensation, you may file a claim
under the Federal Tort Claims Act.  You may obtain a claim form
from your Unit Team.

Therefore, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, NW, Washington, D.C. 20534.  Your appeal must
be received in that office within 30 days from the date of this
response.


5/19/04
Date

Ronald G. Thompson
Regional Director

EXHIBIT NO. 3

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: James Craig A.      25481-083      M-A      Beaymont Medium
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL I was placed in special Houseing March 12, 2004 7:30 AM I was hurt in S.H.U because the handicape cell is not setup for a wheelchair bound Inmate the bed is to low to transfer into the bed in the cell is a 3 man bunk, which the bottom bunk is to low for a wheelchair bound Inmate to transfer into and the middle is to high i had to sleep on roll up mattises on the floor. shower does not work, the place and room keeps flooding, on the 14th, Inmates upstairs were smoking, blowing smoke threw the vent, I am Allergic to Cigarettes, I woke up began coughing and then Vomiteing, the cell still flooding with water coming threw the walls, as i was trying to get in my chair my good foot slip in the water on the floor, i fell hit head first around, 11:00 an officer called me i tried to get up but slip back on the floor, I stayed in Acoma until wed the 17, I have a concusion, my head hurts, and i get

May 30, 2004      dizzie when i read
DATE                                              SIGNATURE OF REQUESTER

---

Part B—RESPONSE



JUN 14 2004

_____          GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 330443-A1

Part C—RECEIPT

CASE NUMBER: _____

**(EXHIBIT NO. 3)**

Return to: _____      _____      _____      _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                    BP-231(13)
                                                           APRIL 1982

my eye wont stop twitching, coming back from the hospital, i was put back in the same cell, and conditions i was hurt in, I am still living in the same conditions as i write the BP-9 and BP-10, and yes the S.H.U Lt talk to me and said he couldnt stop the cell from flooding from time to time, which was to late, because i already had the accident on the 14th, and he also said he could not do anic thing about the 3 man bunk which is not wheelchair excisable, wed 28th i had to get stero'd shots and benadicyl shots because i got sick again from ciggrette smoke coming threw the vent, room 312 in special houseing is not a handicape equiple room for wheelchair bound inmates, I have complained about this and bed on my BP-11 #276090-A Dec 30, 2002 when i had to sleep in the shower because of the bed, iam asking for this Cruel and Unusual prenishment and Deliberate Indiffrence to stop, and 5 million Dollars.

C. Jane

#25481-083

**Administrative Remedy No. 330443-A1**
**Part B - Response**

You contend you are not housed in a cell which is handicapped-accessible.  You request monetary compensation.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns.  The Warden indicated that while assigned to the Special Housing Unit (SHU) you were housed in a cell which was appropriate for your medical condition.  You have since been released from the SHU.

Monetary compensation is not available via the Administrative Remedy process.  You must submit a claim pursuant to the appropriate mechanism, such as the Federal Tort Claims Act, if you seek monetary compensation.

Your appeal is denied.


_July 27, 2004_
_____
Date


_____
Harrell Watts, Administrator
National Inmate Appeals